AO 243
(REV 5-85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

# United States District Court

| | District |
|---|---|
| Name of Movant | **DISTRICT OF MASSACHUSETTS** |
| **ROBERT RODRIQUEZ** | |
| Place of Confinement | Prisoner No. | Docket No. |
| **FORT DIX, NEW JERSEY   08640** | **80213-038** | **99-40030(NMG)** |

UNITED STATES OF AMERICA

v.                       **UNITED STATES OF AMERICA**

(include name upon which convicted)

(full name of movant)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

   **1 COURTHOUSE WAY   BOSTON, MASS.  02210**

2. Date of judgment of conviction _____ **AUGUST 2, 2002**

3. Length of sentence _____ **188 MONTHS**

4. Nature of offense involved (all counts) ___ **COUNT ONE:  21 U.S.C. §846**

   **CONSPIRACY TO POSSESS COCAINE BASE WITH INTENT TO DISTRIBUTE**

   _____

   _____

   _____

5. What was your plea? (Check one)
   - (a) Not guilty  ☐
   - (b) Guilty  ☒
   - (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. Kind of trial: (Check one)
   - (a) Jury  ☐
   - (b) Judge only  ☒

7. Did you testify at the trial?
   Yes **XXXXXXXXX**

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 243
REV 6/82

9.  If you did appeal, answer the following:

(a) Name of court ___ UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

(b) Result ___ CONVICTION AFFIRMED   CASE NO. 02-1994

(c) Date of result ___ JULY 21, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result_____ N/A

(6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____ N/A

(6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.       Yes ☐ No ☐
(2) Second petition, etc.    Yes ☐ No ☐
(3) Third petition, etc.      Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __INDICTMENT WAS DEFICIENT TO GIVE ADEQUATE NOTICE__
__OF THE CHARGES AFAINST PETITIONER__

Supporting FACTS (tell your story *briefly* without citing cases or law: _____
__SEE BRIEF IN SUPPORT OF GROUND ONE__

B. Ground two: __DID THE GRAND JURY WHICH RETURNED THE SUPERCEEDING__
__INDICTMENT DELIBERATED ON ALL ELEMENTS OF THE__
__OFFENSE?__
Supporting FACTS (tell your story *briefly* without citing cases or law): _____
__SEE BRIEF IN SUPPORT OF GROUND TWO__

C. Ground three: __THE DISTRICT COURT ERRED IN ALLOWING A GUILTY__
__PLEA FOR AN INVALID INDICTMENT__

Supporting FACTS (tell your story *briefly* without citing cases or law): _____
__SEE BRIEF IN SUPPORT OF GROUND THREE__

AO 243
REV 6/82

D. Ground four: ___ SPEEDY TRIAL VIOLATION

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____ SEE BRIEF IN SUPPORT OF GROUND FOUR

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ___ MELVIN NORRIS

(b) At arraignment and plea ___ SAME

(c) At trial _____

(d) At sentencing ___ SAME

AO 243
REV 6/82

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____ PRO-SE _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

8/20/04
(date)

_____
Signature of Movant

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT RODRIGUEZ | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Criminal No. 99-40030(NMG) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondant | ) | |
| | ) | |

## MOTION PURSUANT TO TITLE 28 U.S.C. SECTION 2255 to VACATE, SET ASIDE OR CORRECT SENTENCE

COMES NOW ROBERT RODRIGUEZ, pititioner pro-se in the above captioned action pursuant to the jurisdiction vested in this Honorable Court through Title 28 United States Code Section 2255. Petitioner moves this Honorable Court to cause to issue an Order granting the relief requested herein and present the following in supoport of this filing.

## J U R I S D I C T I O N

Section 2255 provides that a prisoner in custody under a sentence of a Court established by an Act of Congress may claim the right to be released upon the ground that:

The sentence was imposed in violation of the Constitution or Laws of the United States or that the Court was without jurisdiction to

- 8 -

impose such sentence, or that sentence was
in excess of the maximum authorized by law, or
is otherwise subject to Collateral Attact, and may
move the Court which imposed the sentence to Vacate
set aside or correct the sentence.

A conviction does not become final under §2255 until
experation of the time allowed for Certiorari review by the
Supreme Court.  That review becomes final on October 20,
2004, Mr. Rodriguez is well within the time period allowed
by the Supreme Court.  SEE ERICK CORNELL CLAY V. UNITED STATES
155 L. Ed 2d 88 (March 4, 2003).

- 9 -

# GROUND ONE

## INDICTMENT WAS DEFICIENT TO GIVE ADEQUATE NOTICE OF THE CHARGES AGAINST PETITIONER

An accusation which lacks any particular fact which the law makes essential to the punishment is no accusation within the requirments of Common Law, and is no accusation in reason. (Bishop criminal procedure §87-155.)

Mr. Rodriguez challenges his conviction based on an Indictment and Plea Agreement which failed to plea all elements of a crime in violation of his Fifth Amendment Constitutional right to Due Process of law, and his Sixth Amendment Constitutional right to Notice. Mr. Rodriguez's Due Process rights were violated and he was prejudiced as to the Indictment being legally insufficient to comply with the Grand Jury indictment Clause of the Fifth Amendment.

The omission from the indictment of an essential element is appropriately understood as a Constitutional error not a jurisdictional error, it involves a violation of the Fifth Amendment right. Other courts have also ruled that Indictment error are necessarly fatal. See UNITED STATES vb. CABRERA-TERAN 168 F. 3d 141 (Fifth Cir. 1999)

The District Court in sentencing Mr. Rodriguez for a crime which he was never charged, thus depriving him of his Constitutional right to answer only for the crimes presented to the Grand Jury.

- 10 -

The Indictment completely failed to allege an essential element of the charged offense (Drug Amounts) which is a serious Constitutional Violation.  The failure to charge an element of the offense is a defect that is not waived by a Guilty Plea.

Mr. Rodriguez was sentenced to serve 188 Months of incarceration plus 5 years Supervise Release, this sentenced represented an enhancement to his Statutory maximum based upon facts not pleaded in the indictment or Plea Agreement and not proven Beyond a Reasonable Doubt.  Failure of an indictment sufficiently to state an offense is a fundamental defect and can be raised at anytime.

The petitioner's current incarceration based on a defective indictment that does not state the quantity of drugs constitutes severe prejudice.

The Supreme Court determined that the indictment must plead to specific statutory language in each of the charges filed against the defendant to put the defendant on proper notice.

Mr. Rodriguez Superseding Indictment Count One charged:

From a date unknow to the Grand Jury, but from at least on or about May 5, 1999 and continuing thereafter until on or about December 8, 1999, in Fitchburg, in the District of Massachusetts, ----------Robert Rodriguez------defendants herin, did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons unknown to the Grand Jury to posses with intent to distribute a quantity of cocaine base, or "crack" cocaine, a schedule II control substance in violation of title 21 U.S.C. section 846.

- 11 -

Petitioner submits that the Honorable Court accepted a Plea of Guilty upon an invaled Indictment and in so doing violated Federal Rules of Criminal Procdure Rule 11.

A defendant who pleads guilty without knowing the Government's burden of proof concerning drug type or quantity has not made a knowing and intelligent plea as required both by the Federal Rule 11 and by the Constitution of the United States.

A true absence OF Subject Matter Jurisdiction cannot be waived.  See UNITED STATES v. GRIFFEN 303 U.S. 226 (1938).

Sentencing petitioner for a crime for which he has been neither charged not plead to seriously affects the fairness, integrity, and public reputation of judicial proceedings.  The United States Constitution provides that [n]o person shall be held to answer for a capital, or otherwise infamous crime, unless presentment or Indictment of a Grand Jury.  United States Constitution Amendment V.  By the Government's omissions of these aspects of the Statute in the indictment, the government has failed to comply with the law.

- 12 -

## G R O U N D   T W O

### DID THE GRAND JURY WHICH RETURNED THE SUPERSEEDING INDICTMENT DELIBERATED ON ALL ELEMENTS OF THE OFFENSE

Prior to the United States Supreme Court's decision Apprendi v. New Jersey, courts did not require the Grand Jury or the Petit juries to pass on Drug Quantities as an essential element of 21 U.S.C. §841, therefore it can be submitted that the Grand Jury did not pass on all elements of petitioner's indictment. The indictment facially did not give defendant notice in language sufficiently to inform him of the charges.

The Supreme Court has stated that the Fifth Amendment guarantees a defendant has substantial right to be tried only on charges presented in an indictment by a Grand Jury, and proved beyond a reasonable doubt. The fact that each subsection of 21 U.S.C. §841 is a separate offense it must be charged in the indictment.

The record in petitioner's case speaks for itself, the Grand Jury was never instructed on the quantity of drugs involved, nor did the Government return to the Grand Jury for another Superseeding indictment.

In every case that has not provided the proper statutory language in the indictment, and has not given the quantity of drugs necessary to comply with Apprendi and Blakely, the defendant's are exposed to a greater sentence than the legistature intended.

- 13 -

## G R O U N D   T H R E E

## THE DISTRICT COURT ERRED IN ALLOWING A GUILTY PLEA

## FOR AN INVALID INDICTMENT

The intent of Congress in the application of Title 21 U.S.C. §841(a)(1) and (b)(1) convictions was to use those statutes individually and collectively to establish both the crime and penalty for which a person is exposed when indicted. By the Government's omission of §841(b)(1), statutory language, or subpart (b)(1) to implicate the sentence to be imposed, the government has failed to apply the statute consistent with its intent as legislated by Congress. Section §841(a) does not establish a penalty or a quantity of drugs, citing §841(a) or §846 in an indictment is insufficient on its face to establish adequate notice or a complete indictment.

There is no ambiguity in the legislative intent of §841(b)(1), (C) or (D) as to the requirments of a certain quantity of drugs to implicate a particular penalty, thus without any specification of amount in the indictment or the plea of guilty, and without any Jury finding (or Guilty Plea) in that regard, the enhanced penalty provisions of §841(b)(1) may not be applied consistently with the Fifth Amendment Presentment Clause and Due Process Clause as well as the Sixth Amendment notice and jury trial guarantees, and the guilty plea should not have been accepted by this Honorable Court.

- 14 -

## C O U N T   F O U R

## SPEEDY TRIAL VIOLATION

18 U.S.C. 3161(c)(1) States:
In any case in which a Plea of not Guilty is entered the trial of the defendant charged in an indictment with a commission of an offense shall commence within seventy days from the filing date.

The speedy trial act cannot be waived by the defendant, the act is intended to protect the defendant from undue delay in his trial.

Mr. Rodriguez was arrested in Fitchburg, Massachusetts in December of 1999, he has remain in prison for 31 months before pleading guilty, the government deprived petitioner of Life, and Liberty without fair procedures that violate Due Process, the governments theory is to convince the defendant that no one cares whether he's guilty of innocent or what his rights are and he will more quickly be broken into accepting a guilty plea, it took the government 31 months to break Mr. rodriguez into pleading guilty..

Petitioner because of his not understanding the english language, could not bring to the courts attention of the extraordinary circumstances he had to endure as a pre-trial detainee and his attorney's failure also to advise the Honorable Court of petitioner's extraordinary situation while house in Wyatt Detention Facility was in effect Ineffective Assistance of Counsel.

- 15 -

Petitioner has been punished in a cruel and unusual fashion, in a Maximum Security Prison (Wyatt Detention Facility) for        over 33 months in which he had to suffer: Unsanitary conditions, overcrowed conditions, poor medical attention, excessive shake downs, showers and toilets no privacy, strict censorship of mail, abusive guards, limited recreation, violent atmosphere, smoke polluted, Mr. Rodriguez was taken to a nearby hospital for CARBON-MONOXIDE POISONING and is still being treated for the effects in Fort Dix, New Jersey. Mr. Rodriguez was locked down 18 20 hours a day.

In the absent of contemporaneous, articulated on the record finding for extending the trial past the 31 months it took petitioner to plead guilty amounts to an unacceptable ends of justice. Mr. Rodriguez is entitled to have his case dismissed.

On November 29, 2000 eleven months after indictment a superseeding indictment was returned again with no amount of drugs necessary to comply with Apprendi or Blakely or the statutory requirments of the law.

Mr. Rodriguez remained in Wyatt Detention Center with no end in sight, his attorney would visit him only to advise him to plead guilty, the plea bargain (which was no bargain) was dangled before him like a carrot while he is undergoing torture, guilt or innocence appears to be irrelevant, so after 31 months on April 15, 2002 he pleads guilty, because no trial date has ever been set in the 31 months he has been incarcerated and was willing to sign anything.

The plea of guilty which Mr. Rodriguez signed certainly could not be knowing, or voluntary or intelligent, and if it were not for his attorney's baggering to plead guilty or stay in the detention center and continue the 31 months of torture he would never had plead guilty. But by pleading guilty he would be removed from Wyatt to a regular prison.

Petitioner's question to this Honorable Court is why did he remain in a detention center for 31 months without a trial date being set? why did the indictments have no amounts as to drugs as required by law?  Why was I enhanced for elements notcharged in the indictment?

Mr. Rodriguez could have waived his Apprendi rights by stipulating or admitting to facts or otherwise consenting to judicial factfinding with respect to sentencing enhancement which Mr. Rodriguez never did. Potentially all the following guideline enhancements that increased the base offense level (Leadership, Drug Amounts and obstruction of Justice) are unconstitutional unless found by a jury beyond a reasonable doubt or consenting to judicial factfinding (waiver) by the defendant.

The Legal effect of Apprendi and Blakely is that §841(b) §841(C) or (D) must be plead in the indictment to have legal effect on a conviction and the application of Due Process.

- 17 -

the indictment fails to charge
an offense is not waived by a guilty plea, the failure of the
indictment or the plea agreement to allege a Federal Crime cannot
be cured by other means, the District Court acted without
Subject Matter Jurisdiction.

A judge may impose sentence solely on the basis of
the facts reflected in the jury verdict or admitted by the
defendant.

Petitioner's counsel failed to challenge the indictment
and the superseeding indictment 11 months later and did not
challenged the Speedy Trial Violation which prejudiced the
petitioner within the meaning of Strickland. Counsel's
performance fell below objective standard required by the
Sixth Amendment.

Unprofessional failure to challenge enhancement for
leadership prejudiced defendant within the meaning of Strickland.
Defendant Rodriguez had asked the Honorable Court to replace
defense counsel, which the Honorable Court refused appoint
another attorney to represent Mr. Rodriguze, thus allowing
the ineffective assistant of counsel to continue.

- 18 -

## C O N C L U T I O N

**WHEREFORE,** petitioner Robert Rodriguez pray that this Honorable Court impose a sentence for the least punished object on which the conspiracy conviction could have been based.

Section §841(a) contains no penalty provision, but the only sentence under §841 justifiable under the facts would be a sentence at level 22, which is the lowest base offense level for Cocaine Base which as according to the guideline table of 41-51 months.  So I pray.

Respectfully Submitted,

DATED:   August 20, 2004

*Robert Rodriguez*
Robert Rodriguez
Reg. No. 80213-038
Federal Correctional Institution
P.O. Box  7000
Fort Dix, New Jersey 08640

- 20 -

## C E R T I F I C A T E   O F   S E R V I C E

I, **ROBERT RODRIGUEZ CERTIFY:** that a true and correct copy of my Motion under 28 U.S.C.§2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, has been mailed postage prepaid to Michael J. Sullivan, United States Attorney, for the District of Massachusetts, one Courthouse Way, Suite 9200, Boston, Massachusetts 02210 on August 20, 2004

DATED:    August 20, 2004

Robert Rodriguez
Reg. No. 80213-038
P.O. Box  7000
Fort Dix, New Jersey 08640

## V E R I F I C A T I O N

I, **ROBERT RODRIGUEZ,** hereby swear under penalty of perjury pursuant to 28 U.S.C. Section 1746(2), that the statements herein are true to the best of my knowledge and belief.

DATED:    August 20, 2004

Robert Rodriguez

- 21 -