UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT RODRIGUEZ,       )
        Petitioner      )
                        )   CIVIL ACTION
        v.              )   NO. 04-11869-NMG
                        )
UNITED STATES OF AMERICA,  )
        Respondent      )
                        )

## Government's Memorandum In Opposition To
## Petitioner's Motion Under 28 U.S.C. §2255

### Introduction

The United States of America, by Michael J. Sullivan, United States Attorney, and David Hennessy, Assistant U.S. Attorney, for the District of Massachusetts, hereby files this memorandum in opposition to the petitioner's motion under 28 U.S.C. §2255. Petitioner Robert Rodriguez ("Rodriguez") has filed a petition seeking to vacate or set aside the sentence of 188 months that this Court imposed on August 2, 2002, on the following grounds: (1) the indictment failed to inform Rodriguez of the nature of the offense, as required by the Sixth Amendment because it failed to alleged drug type and drug weight; (2) the grand jury was not instructed on drug quantity and did not return an indictment alleging drug quantity; (3) this Court erred in accepting a guilty plea to an indictment that failed to allege drug quantity; (4) the period between indictment and guilty plea violated Rodriguez's rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq.; and (5) counsel was ineffective in failing to challenge the insufficiency

of the indictment, the alleged violation of the Speedy Trial Act, and a role enhancement imposed by the Court.

As set forth more fully below, Rodriguez's petition should be dismissed. Rodriguez pleaded guilty and most claims he advances in this petition are waived by his guilty plea. Others are procedurally defaulted because Rodriguez failed to raise them on appeal. In any case, all claims are wholly without merit.

## Facts And Prior Proceedings

On November 29, 2000, the defendant, Robert Rodriguez ("Rodriguez"), was charged in a multi-count, multi-defendant superseding indictment; the indictment charged Rodriguez with (1) conspiring to distribute over 50 grams of a substance containing cocaine base, in violation of 21 U.S.C. §846 (Count One); and (2) eight counts of distributing cocaine base, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2. [PSR, ¶¶ 3-16].

On April 19, 2002, Rodriguez entered a guilty plea to Count One of the Superseding Indictment, pursuant to a written plea agreement with the government. (The Plea Agreement is annexed hereto as Exhibit A). Rodriguez admitted in the plea agreement that he should be held responsible for at least 50 grams of crack cocaine. The government, in turn, agreed that the Rodriguez should receive a two - but not three - level reduction for acceptance of responsibility. The parties disagreed on Rodriguez's role in the offense. The government also maintained that Rodriguez should be

2

found responsible for more crack cocaine.

The PSR recommended that Rodriguez's base offense level ("BOL") be based only on undercover sales; it recommended a BOL of 32, which was consistent with the 50 grams of crack cocaine to which Rodriguez admitted. [PSR, ¶62]. The PSR also recommended that Rodriguez be given a four-level role enhancement, and that his offense level be reduced by two levels for acceptance of responsibility. [PSR, ¶68]. It therefore determined that the adjusted offense level ("AOL") was 34. [PSR, ¶¶61-69]. The Probation Department also determined that Rodriguez was in criminal history category ("CHC") I. [PSR, ¶72]. Based on these findings, the probation department determined that Rodriguez's guideline sentencing range ("GSR") was 151 to 188 months. [PSR, ¶105].

Rodriguez filed numerous objections. He objected, inter alia, to the use of any information from two accomplice witnesses in calculating drug weight, or in determining his role in the offense. [PSR, Objection, #7]. He objected to the PSR's determination that he had a "major role" in the offense and objected to the four-level role enhancement. [PSR, Objection #10, 12]. Furthermore, he objected to the PSR's determination that he was ineligible for exemption from the mandatory minimum through application of the safety valve because of his role in the offense. [PSR, Objection #12, 24]. Rodriguez also claimed that his plea was timely, and that he should receive the third-level adjustment for acceptance of

3

responsibility. [PSR, Objection, #11].

On August 2, 2002, this Court sentenced Rodriguez. The Court determined, consistent with Probation's recommendation, that the BOL was 32, that Rodriguez should be assessed a two-level enhancement for obstruction of justice, a four-level aggravating role enhancement, and a two-level reduction for acceptance of responsibility. Based on a CHC of I, the Court determined that the GSR was 188-235 months. [Sn. Hg. 27-28; Ex. C hereto]. The Court sentenced Rodriguez to the bottom of the GSR, a term of imprisonment of 188 months, a supervised release term of five years, and a $100 special assessment. [D. 372].

Rodriguez appealed his sentence, claiming that the Court erred in failing to hold an evidentiary hearing in connection with the enhancement for obstruction of justice.   See Ex. D hereto (a photocopy of page 2 of Rodriguez's appellate brief setting forth the questions presented, all of which related to enhancement for obstruction and failure to hold an evidentiary hearing). The Court of Appeals affirmed the judgment.   See Ex. E.

### Argument

Rodriguez makes the following claims in support of his motion to vacate or set aside the sentence of 188 months that this Court imposed: (1) the indictment failed to inform Rodriguez of the nature of the offense, as required by the Sixth Amendment because it failed to alleged drug weight; (2) the grand jury was not

4

instructed on drug quantity and did not return an indictment alleging drug quantity; (3) this Court erred in accepting a guilty plea to an indictment that failed to allege drug quantity; (4) the period between indictment and guilty plea violated Rodriguez's rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 et al.; and (5) counsel was ineffective in failing to challenge the insufficiency of the indictment, the alleged violation of the Speedy Trial Act, and a role enhancement imposed by the Court.

## 1. **By Pleading Guilty, Rodriguez Has Waived All Nonjurisdictional Claims.**

In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Court stated: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he many not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." In the spirit of Tollett, the Court of Appeals for the First Circuit has repeatedly held that by waiving the right to a trial through a guilty plea, the defendant waives all non-jurisdictional defenses. United States v. Gonzalez-Arimont, 268 F.3d 8, 12 (1st Cir. 2001)(citing cases). Applying this rule, in Gonzalez-Arimont, the Court held that a claim under the Speedy Trial Act is non-jurisdictional, and is therefore waived by an unconditional guilty plea. 268 F.3d at 12 ("We now join with our sister circuits and hold that a claim under the Speedy Trial Act is a nonjurisdictional defense that is waived with an

5

unconditional guilty plea."); <u>see</u> <u>also</u> 18 U.S.C. §
3162(a)(2)("Failure of the defendant to move for dismissal prior to
trial or entry of a plea of guilty . . . shall constitute a waiver
of the right to dismissal under [the Speedy Trial Act].").

Similarly, the Court of Appeals has taken the view that a
valid guilty plea, as an admission of all elements of the formal
criminal charge, "admits even those allegations which form the
factual basis for federal jurisdiction." <u>Valencia v. United</u>
<u>States</u>, 923 F.2d 917, 921 (1st Cir. 1991)(allegation that indictment
failed to charge a crime over which the court had subject matter
jurisdiction because no evidence ship was "subject to jurisdiction
of the United States" would be waived by guilty plea, but finding
that plea was not knowing and voluntary); <u>see also</u> <u>United States v.</u>
<u>Broce</u>, 488 U.S. 563, 570 (1989)(defendants' pleaded to two
indictments arising out of same course of conduct; despite
existence of double jeopardy violation, defendants barred by guilty
pleas from collateral relief:  "Just as a defendant who pleads
guilty to a single count admits guilt to the specified offense, so
too does a defendant who pleads guilty to two counts with facial
allegations of distinct offense concede that he has committed two
separate crimes.").

These precedents dispose of the first four claims Rodriguez
advances in support of his petition (those claims that do not go to
the allegation of ineffective assistance of counsel) because under

6

settled precedent, Rodriguez waived each by entering an unconditional plea of guilty. The record shows that on April 19, 2002, Rodriguez was placed under oath and entered a guilty plea. During the Court's careful colloquy, it elicited from Rodriguez that Rodriguez understood the charge to which he was pleading guilty, and that by pleading guilty that Rodriguez was waiving his right to a trial, and to other constitutional rights. At the conclusion of the plea colloquy, the Court found that Rodriguez's plea was knowing and voluntary. [See Ex. B]. Accordingly, by pleading, Rodriguez waived all non-jurisdictional claims including allegations that the indictment was insufficient and improperly returned, the plea improperly taken, and the Speedy Trial Act violated by delay. Hence, insofar as Rodriguez seeks relief on grounds other than the claim of ineffective assistance of counsel, the petition should be dismissed.[1]

## 2.    Rodriguez's Challenges relating to the Indictment Are Plainly Inconsistent with the Record.

In any case, even if, by entering an unconditional plea, Rodriguez did not waive the challenges relating to the indictment

---

[1]Even if, as a general matter, a failure to allege an essential element of a crime and therefore to state an offense is jurisdictional and not waived by a guilty plea, as Rodriguez asserts in his petition citing United States v. Cabrera-Teran, 168 F.3d 141 (5th Cir. 1999), here, drug weight was not essential elements of the crime.  See 21 U.S.C. § 841(a)(1).  Thus, the indictment stated an offense over which the Court had jurisdiction so long as it alleged a conspiracy to distribute a controlled substance.  Drug weight (and type) pertain to penalties.  See 21 U.S.C. § 841(b).

7

and Speedy Trial Act, Rodriguez's claims are simply wrong on the merits. First, as noted above, Rodriguez pleaded guilty to Count One of the Superseding Indictment. In relevant part, the Superseding Indictment to which Rodriguez pleaded guilty alleged:

It is further alleged that the offense charged in this count involved 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, or "crack cocaine."

See Superseding Indictment, Count One; see also PSR ¶¶ 4-5 (describing Count One of the Superseding Indictment, and noting that it alleges that the offense involved 50 grams or more of cocaine base or crack cocaine); PSR ¶17 (reporting that Rodriguez pleaded guilty to Count One of the Superseding Indictment). There is nothing to support Rodriguez's puzzling allegation that he pleaded guilty to an indictment that did not allege drug weight.

The related claim that the grand jury was not properly charged and did not return a Superseding Indictment alleging drug weight is equally unavailing and incomprehensible. Annexed hereto as Exhibit F is a portion of the grand jury minutes pertaining to the presentation of evidence of drug weight and drug type to the grand jury in support of the Superseding Indictment to which Rodriguez pleaded guilty, and the submission of the Superseding Indictment to the grand jury for its vote.

Given that the grand jury returned a Superseding Indictment that alleged drug weight and that Rodriguez pleaded guilty to it, there is no merit in Rodriguez's third related contention that the

8

Court improperly accepted a guilty plea to this offense. Rather, the record shows that the Court properly determined at the conclusion of the Rule 11 hearing that Rodriguez was competent, his plea knowing and voluntary and based on an independent basis in fact. See Plea Hg.

Similarly, even if the claim of a Speedy Trial Act violation survived Rodriguez's guilty plea - and it does not - the claim is also without merit. While Rodriguez correctly notes that under the Speedy Trial Act, trial shall commence within 70 days of a defendant's first appearance before a judicial officer, he neglects the provisions that provide for exclusions from the Act's time limits. Among the periods of exclusion are: "A reasonable period of delay when the defendant is joined with a co-defendant as to whom the time for trial has not run and no motion for a severance has been granted"; and "Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . ." See 18 U.S.C. § 3161(h)(7) and (h)(8)(A).

These exclusions are significant here because, as the caption in the Superseding Indictment shows, Rodriguez was joined with eight co-defendants. The defendants made numerous requests for continuances by his co-defendants. Indeed, the final Status Report filed as to Robert Rodriguez and two other defendants states in relevant part:

9

Robert Rodriguez has reviewed and is prepared to sign a plea agreement with the government. Therefore, this case is being returned to Judge Gorton for a Rule 11 hearing.

\* \* \*

With the assent of counsel for the government and all remaining defendants, I have excluded the period from the date of arraignment through January 4, 2002. Therefore, assuming no further period of excludable time under the Plan for Prompt Disposition of Criminal Cases, this case must be tried on or before Friday March 15, 2002.

United States v. Angel Adorno, et al., 99-40030-NMG (Final Status Report, dated January 7, 2002; Exhibit C hereto). The Docket and related filings show that this Court scheduled a Rule 11 hearing for February 15, 2002, a month before the speedy trial clock expired. See Exhibit H hereto, scheduling the change of plea hearing. Counsel for Rodriguez moved to continue the hearing to February 20, 2002. See Exhibit I hereto, a letter from Mr. Norris which the Court treated as a motion for a continuance. Finally, at a status on February 22, 2002, the government announced that it was ready for trial, and the Court set a motion schedule and a schedule for pretrial submissions. See Exhibits J hereto, notes of status conference.

Accordingly, even if Rodriguez's claims (other than to effectiveness of counsel) survived his guilty plea, on the face of the documents and record in this case, they are wholly without merit and should be summarily dismissed.[2]

___

[2]In any case, in failing to raise the claims of Speedy Trial Act violation and role in the offense enhancement on direct

10

**3.    Counsel's alleged errors did not establish ineffective assistance of Counsel.**

Rodriguez claims that he was denied effective assistance of counsel when his attorney failed to (1) challenge the sufficiency of the Superseding Indictment; (2) claim that pretrial delay violated the Speedy Trial Act; and (3) challenge an aggravating role enhancement.  This claim is without merit.

**a. Legal Principles**

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Court, in reaffirming that the Sixth Amendment guarantees a criminal defendant "effective" assistance of counsel, said, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Id.</u> at 686.  The Court formulated a two-prong test for evaluating counsel's performance.  To establish a violation of the Sixth Amendment, a defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the

---

appeal, each claim is procedurally defaulted and in the absence of a showing by Rodriguez of cause for his failure to raise the claims on appeal, and actual prejudice, these claims are not cognizable in a Section 2255 petition.  <u>See</u> <u>United States v. Frady</u>, 456 U.S. 152, 167 (1982)(failure to challenge jury instruction on appeal, and to show in 2255 petition actual prejudice).  This, Rodriguez has not even attempted to do.

proceeding.  Id. at 687.   In considering such a claim "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonably professional judgment."  Id. at 690 (emphasis added).  While a defendant must prove both prongs, id. at 687, Rodriguez can establish neither.

### b. Counsel's performance met an objective standard

In this case, counsel's performance met, if not exceeded, an objective standard of reasonableness.  Contrary to Rodriguez's puzzling assertions, there was no basis to challenge the sufficiency of the Superseding Indictment.  As shown above, the Superseding Indictment expressly alleged drug type and drug weight. Accordingly, there was no basis for counsel to challenge it. Effective advocacy does not require an attorney to pursue a claim pointlessly.     See e.g. Gonzalez-Arimont, 268 F.3d at 13-14 (counsel's failure to raise double jeopardy claim at change of plea hearing was not ineffective assistance because argument would have been contrary to controlling First Circuit law).

Similarly, there was no basis for Counsel to make a Speedy Trial Act claim where, as here, the Magistrate's final status report and Docket entries relating to the case show that, when excludable periods of time are factored into the period during which the case was pending, the government announced its readiness for trial within the statutory period.

As for role in the offense, Counsel clearly acted diligently

12

to protect Rodriguez's interests.    Among other things, Counsel reserved the right to oppose the government's argument that Rodriguez should receive an aggravating role adjustment.    In addition, in response to the PSR, Counsel filed a number of objections to Probation's recommendation that Rodriguez receive an aggravating role adjustment.    See e.g. Objections 7, 10 and 12. Finally, at the sentencing hearing, Counsel opposed an enhancement based on an aggravating role. [Sn. Hg. 21-22].    Accordingly, while Counsel's efforts may not have been successful, it simply misstates the record to claim that Counsel failed to challenge an aggravating role enhancement.

### c.    Rodriguez cannot show prejudice

Even if there was some lapse in counsel's performance - and there was not - Rodriguez nevertheless cannot establish that he suffered Strickland prejudice as a result.

Recognizing in Strickland that attorney errors are "as likely to be utterly harmless in a particular case as they are to be prejudicial," the Court held that to establish prejudice, a "defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different."    Id. at 693-94 (emphasis added).    Here, Rodriguez cannot show that such a reasonable probability exists.    Clearly, he suffered no prejudice from Counsel's failure to challenge the sufficiency of the Superseding Indictment since none existed.

13

Similarly, at least on the face of the record, there is no evidence that the Speedy Trial Act was violated.   Finally, Rodriguez suffered no prejudice from Counsel's failure to challenge role in the offense since the record abundantly shows that Counsel opposed such an enhancement in his objections to the PSR and in his oral objects at Sentencing.

For all these reasons, Rodriguez has failed to meet his burden of showing in the petition either prong of the Strickland standard for proving ineffective assistance of counsel.

**Conclusion**

Based on the foregoing, the government respectfully requests that the Court dismiss Rodriguez's §2255 petition since the claims on which is it based are either waived, procedurally barred or without merit.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   _David Hennessy_
David Hennessy
Assistant U.S. Attorney

DATED:    June 22, 2005.

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Robert Rodriguez
Inmate No. 80213-038
FCI Fort Dix
P.O. Box 7000
Fort Dix, New Jersey 08640

This 22nd day of June, 2005.

_David Hennessy_
David Hennessy
ASSISTANT UNITED STATES ATTORNEY

15