United States District Court
District of Massachusetts

```
_____
                                   )
ROBERT RODRIGUEZ,                  )
                                   )
        Petitioner,                )
                                   )    Civil Action No.
        v.                         )    04-11869-NMG
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Respondent.                )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This petition for habeas corpus filed pursuant to 28 U.S.C. § 2255 follows the petitioner's guilty plea to one count of conspiring to distribute over 50 grams of cocaine base. Petitioner, Robert Rodriguez ("Rodriguez"), alleges violations of his constitutional rights under the Fifth and Sixth Amendments.

On November 29, 2000, Rodriguez was charged in a multi-count, multi-defendant superceding indictment. On April 19, 2002, he entered into a plea agreement with the government and pled guilty to one count of conspiring to distribute over 50 grams of cocaine base in violation of 21 U.S.C. 846.

At the sentencing hearing, defense counsel challenged several recommendations contained in the pre-sentence report including a two-level enhancement for obstruction of justice and a four-level enhancement for an aggravating role in the offense.

-1-

After oral argument, the Court rejected the challenges, found that the total offense level was 36, found that the defendant's criminal history category was I and sentenced Rodriguez to a term of imprisonment of 188 months, five years supervised release and a special assessment of $100. Rodriguez appealed on the ground that the district court should have held an evidentiary hearing in connection with the enhancement for obstruction of justice. The First Circuit Court of Appeals affirmed the sentence.

On August 24, 2004, Rodriguez filed the instant petition for a writ of habeas corpus. He argues that his guilty plea and sentence should be vacated because: 1) the indictment failed to allege drug quantity, 2) the grand jury was not instructed on drug quantity and did not return an indictment alleging drug quantity, 3) his guilty plea was not knowing and voluntary because the indictment failed to allege drug quantity, 4) the period of time between the indictment and the guilty plea violated the Speedy Trial Act and 5) his counsel was ineffective for failing to challenge the sufficiency of the indictment, the alleged violation of the Speedy Trial Act and the imposition of a four-level enhancement for aggravating role.

The petitioner's arguments are without merit and, at times, dishonest. With respect to the first ground, petitioner states that the superceding indictment did not allege drug quantity and he quotes the first paragraph of Count One, which does not

discuss drug quantity. He fails, however, to cite the next paragraph which states:

> [i]t is further alleged that the offense charged in this count involved 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, or "crack cocaine".

Thus, the first alleged ground for relief is unavailing.

Likewise, the second alleged ground for relief is untenable because the above-mentioned paragraph and the grand jury transcript submitted by the government demonstrate that the grand jury was instructed on drug quantity and did return an indictment properly alleging it. Moreover, because drug quantity was alleged in the superceding indictment, petitioner's third ground for relief (that his guilty plea was invalid because the superceding indictment did not charge weight) is without merit. The fourth alleged ground for relief fails because, in the First Circuit, it is firmly established that if a defendant pleads guilty and fails to reserve an argument with respect to the Speedy Trial Act, that argument is waived. United States v. Gonzalez-Arimont, 268 F.3d 8, 12 (1st Cir. 2001).[1]

Finally, petitioner's fifth argument, that his counsel was ineffective for failing to challenge the sufficiency of the

---

[1] Waiver potentially presents alternative grounds for dismissal of petitioner's first three arguments as well. The Court declines to address that issue, however, because it would involve an unnecessary analysis of whether the failure to allege drug weight would be jurisdictional in nature.

indictment, the alleged violation of the Speedy Trial Act and the imposition of a four-level enhancement for aggravating role, is unpersuasive. Under the so-called Strickland test, in order to succeed, the petitioner must prove that 1) counsel's performance fell below an objective standard of reasonableness and 2) the deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome. Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner cannot satisfy either prong of the Strickland test. Counsel's decision not to assert challenges based upon the sufficiency of the superceding indictment and the Speedy Trial Act were neither unreasonable nor prejudicial because, as discussed above, such arguments would have had no basis in fact.[2] Petitioner's contention that counsel failed to challenge the enhancement for aggravating role is simply incorrect. At the time the plea agreement was entered into, counsel reserved the right to contest the enhancement and he subsequently filed a written opposition to it. At the sentencing hearing, counsel made an oral argument that the enhancement was unwarranted. Accordingly, this petition for a writ of habeas corpus will be dismissed.

---

[2] In any event, the docket discloses that there was, in fact, no Speedy Trial Act violation because petitioner fails to account for time that was excluded at his request.

## ORDER

In accordance with the foregoing, the petitioner's Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1) is **DENIED** and this petition is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 3, 2005