IN THE UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT



Robert Rodriguez,(A.K.A. Dominican)  \*
\*
      Appellant,                        \*      Crim. No. 99-40030
\*            No. 05-2285
\*      Civil No. 04-CV-11869
vs.                             \*
\*      Appeal No.
\*      Direct, 02-1994
\*
United States of America         \*      02-2197
\*
      Appellee,                     \*

MEMORANDUM OF LAW AND FACT IN SUPPORT OF APPLICATION FOR

CERTIFICATE OF APPEALABILITY AND AFFIDAVIT

TO PROCEED IN FORMA PAUPERIS

---

    Comes now the Appellant to file this Memorandum In Support of C.O.A. Application, the reasons are stated within:

    (1). The Appellant Rodriguez at sentencing objected to the two(2) point enhancement for obstruction of justice. The Appellant also objected to the inclusion of any drug amount, elements over 62.88 grams of crack cocaine. The Appellant also objected to the four(4) level increase for a manager or leader role. The Appellant asserts that all of the additional enhancements over the level 32 established by drug weight and quanity that Appelpled guilty to were illegal.

    The Appellant asserts that of course it is well known that the ruling in **Apprendi v. New Jersey**, 530 U.S. 466, 147 L.Ed.

435, 120 S.Ct 2348 (2000) was misunderstood, abused, misapplied and misconstrued as far as the statutory maximum was concerned.

The Appellant is procedurally correct as far as **Blakely v. Washington**, (2004) (U.S.) 159 L.Ed 2d 403, 124 S.Ct. 2531 is concerned and its retroactivity under a recent Supreme Court case that has been **granted** certiorari, **Burton v. Waddington**, No. 05-9222, cert. granted 6-5-06 as to collateral review and retroactivity.

**Blakely**, redefined Apprendi's holding as an extension of Apprendi. Insofar as **Blakely**, as an extension of **Apprendi**, did hold that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority.: **Blakely**, 124 S.Ct at 2537(citations omitted). However, the only issue that remains is that the issue of retroactivity on collateral review which will be decided shortly.

The Petitioner sentence should have been 87 t0 108 months or the mandatory 120 months for 50 grams or more of crack cocaine, not 188 months. The attorney of record was totally ineffective for not arguing these issues on direct appeal properly which caused the attorney of record to be ineffective causing the Appellant to be greatly prejudiced. Therefore, the Justice Department's old procedural default argument does not apply because the cause prong is satisfied; also the prejudice prong, because of governmental action § 2255 6-2. For as long

as long as the government has been utilizing the statues in question here,"3553" especially it has been asserting the wrong application or meaning, resulting in gross miscarriage of justice, in violation of the constitution and laws of the United States. The violations include the Fifth Amendment right to Due Process, and the Sixth Amendment right to Notice and jury trial. Furthermore, Appellant's counsel was caused to be ineffective because of these errors. It is clear that the Justice Department has aided in the impediment and re-sentencing is required. The Honorable Court of Appeals jurist will assert waiver or stipulation under a plea agreement. The waiver or stipulation was not appropriate in this case. The Appellant had no idea he was stipulating to 546 grams of crack.

No one in their right mind would do so, especially if they truly knew the ramifications of doing so. The attorney of record failed the Appellant miserably by allowing him to stipulate to a more serious offense without it being explicitly agreeded to that the factual statement or stipulation is a stipulation for [1B1.2] purposes.") U.S.S.G. § 1B1.2  and comment. n. 1(emphasis added).

According to the Supreme Court, a "waiver" is only "appropriate" if it is a "knowing and intelligent waiver of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019 (1938)(agreeing that "court indulge every reasonable presumption against waiver," and holding that "proper waiver" is an intentional relinquishment or abandonment of a known right or privilege").

and two witnesses testified that more than ten(10) people worked for them). A defendant is an organizer if he coordinates others to promote the criminal activity. **United States v. Picanso**, 333 F.3d 21, 23-24(1st Cir. 2003)(wholesale drug dealer was primary drug supplier and boasted that he could shut down co-defendant's distribution if he chose). A defendant who is deemed a manager or supervisor must have directed the activities of others. **United States v. Turner**, 319 F.3d 716, 725 (5th Cir. 2003)(defendant directed another who sent and retrieved packages and stored marijuana for him). In Rodriguez's case the only evidence offered in support of the role adjustment was his involvement in eleven drug sales totalling only 62.88 grams of crack that its the district court's finding was unsupported in a nutshell.

    This clear error can never be considered harmless because it affected the Appellant's substantial rights. Moreover, **Blakely**, holds that you just can't do it. The Appellant respectfully request that a C.O.A. issue in this case pending the resolution of **Burton v. Waddington**, supra in the Supreme Court.

    Done this 9th day of October 2006 at FCI Fort Dix, New Jersey, 08640.

Respectfully Submitted,

[Signature]

Robert Rodriguez  
Reg. No. 80213-038  
P.O. Box 38  
FCI Fort Dix, New Jersey  
          08640

6

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT



Robert Rodriguez,(A.K.A. Dominican)　*
　　　　　　　　　　　　　　　　　　*
　　　　　Appellant,　　　　　　　　*　　Crim. No. 99-40030
　　　　　　　　　　　　　　　　　　*　　　　　No. 05-2285
　　　　　　　　　　　　　　　　　　*　　Civil No. 04-CV-11869
　　　　　vs.　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　*　　Appeal No.
　　　　　　　　　　　　　　　　　　*　　Direct, 02-1994
　　　　　　　　　　　　　　　　　　*
United States of America　　　　　 *　　　　02-2197
　　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　 *

MEMORANDUM OF LAW AND FACT IN SUPPORT OF APPLICATION FOR

CERTIFICATE OF APPEALABILITY AND AFFIDAVIT

TO PROCEED IN FORMA PAUPERIS

Comes now the Appellant to file this Memorandum In Support of C.O.A. Application, the reasons are stated within:

(1). The Appellant Rodriguez at sentencing objected to the two(2) point enhancement for obstruction of justice. The Appelant also objected to the inclusion of any drug amount, elements over 62.88 grams of crack cocaine. The Appellant also objected to the four(4) level increase for a manager or leader role. The Appellant asserts that all of the additional enhancements over the level 32 established by drug weight and quanity that Appelpled guilty to were illegal.

The Appellant asserts that of course it is well known that the ruling in **Apprendi v. New Jersey**, 530 U.S. 466, 147 L.Ed.

435, 120 S.Ct 2348 (2000) was misunderstood, abused, misapplied and misconstrued as far as the statutory maximum was concerned.

The Appellant is procedurally correct as far as **Blakely v. Washington**, (2004) (U.S.) 159 L.Ed 2d 403, 124 S.Ct. 2531 is concerned and its retroactivity under a recent Supreme Court case that has been **granted** certiorari, **Burton v. Waddington**, No. 05-9222, cert. granted 6-5-06 as to collateral review and retroactivity.

**Blakely**, redefined Apprendi's holding as an extension of Apprendi. Insofar as **Blakely**, as an extension of **Apprendi**, did hold that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority.: **Blakely**, 124 S.Ct at 2537(citations omitted). However, the only issue that remains is that the issue of retroactivity on collateral review which will be decided shortly.

The Petitioner sentence should have been 87 t0 108 months or the mandatory 120 months for 50 grams or more of crack cocaine, not 188 months. The attorney of record was totally ineffective for not arguing these issues on direct appeal properly which caused the attorney of record to be ineffective causing the Appellant to be greatly prejudiced. Therefore, the Justice Department's old procedural default argument does not apply because the cause prong is satisfied; also the prejudice prong, because of governmental action § 2255 6-2. For as long

2

as long as the government has been utilizing the statues in question here,"**3553**" <u>es</u>pecially it has been asserting the wrong application or meaning, resulting in gross miscarriage of justice, in violation of the constitution and laws of the United States. The violations include the Fifth Amendment right to Due Process, and the Sixth Amendment right to Notice and jury trial. Furthermore, Appellant's counsel was caused to be ineffective because of these errors. It is clear that the Justice Department has aided in the impediment and re-sentencing is required. The Honorable Court of Appeals jurist will assert waiver or stipulation under a plea agreement. The waiver or stipulation was not appropriate in this case. The Appellant had no idea he was stipulating to 546 grams of crack.

    No one in their right mind would do so, especially if they truly knew the ramifications of doing so. The attorney of record failed the Appellant miserably by allowing him to stipulate to a more serious offense without it being explicitly agreeded to that the factual statement or stipulation is a stipulation for [1B1.2] purposes.") U.S.S.G. § 1B1.2 and comment. n. 1(emphasis added).

    According to the Supreme Court, a "waiver" is only "appropriate" if it is a "knowing and intelligent waiver of a known right or privilege." <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464, 468, 58 S.Ct. 1019 (1938)(agreeing that "court indulge every reasonable presumption against waiver," and holding that "proper waiver" is an intentional relinquishment or abandonment of a known right or privilege").

the slippery witnesses proffered additional drug amounts or elements of crack cocaine. And when the court asked Mr Rodriguez whether he agreed with the facts proffered, he responded "yes, your Honor", such acquiesence was in no sense a stipulation or a "knowing and intelligent waiver" of Mr. Rodriguez Sixth Amendment rights.

The Appellant Rodriguez was on solid ground in his challenge to the district court's determination that he was a leader, organizer manager or supervisor in the offense. The issue should have been reviewed for clear error on direct appeal. The attorney of record did not argue this point properly either. **see**, **United States v. Sayles**, 296 F. 3d 219, 224 (4th Cir. 2002), Rodriguez asserts that the four-level role adjustment was unsupported because there was no evidence in the record that he did any more than sell cocaine. The Court of Appeals should agree.

Rodriguez correctly argues that his case is similar to **Sayles**, 296 F.3d at 224-27(refusing to uphold two-level role adjustment where defendants bought and sold large amounts of cocaine, but the government or the Justice Department did not present evidence of any factors listed in application note 4 to U.S.S.G. § 3B1.1 that indicate an aggravated role). There was no sworn testimony given in support such a finding. For the adjustment to be given because a defendant was a leader, the defendant must have controlled others.

**United States v. Carter**, 300 F.3d. 415, 426(4th Cir. 2002) (defendants were principle suppliers of crack to street dealers

and two witnesses testified that more than ten(10) people worked for them). A defendant is an organizer if he coordinates others to promote the criminal activity. **United States v. Picanso**, 333 F.3d 21, 23-24(1st Cir. 2003)(wholesale drug dealer was primarydrug supplier and boasted that he could shut down co-defendant's distribution if he chose). A defendant who is deemed a manager or supervisor must have directed the activities of others. **United States v. Turner**, 319 F.3d 716, 725 (5th Cir. 2003)(defendant directed another who sent and retrieved packages and stored marijuana for him). In Rodriguez's case the only evidence offered in support of the role adjustment was his involvement in eleven drug sales totalling only 62.88 grams of crack that its the district court's finding was unsupported in a nutshell.

This clear error can never be considered harmless because it affected the Appellant's substantial rights. Moreover, **Blakely**, holds that you just can't do it. The Appellant respectfully request that a C.O.A. issue in this case pending the resolution of **Burton v. Waddington**, supra in the Supreme Court.

Done this 9th day of October 2006 at FCI Fort Dix, New Jersey, 08640.

Respectfully Submitted,

[Signature]

Robert Rodriguez
Reg. No. 80213-038
P.O. Box 38
FCI Fort Dix, New Jersey
 08640

6

## CERTIFICATE OF SERVICE

I, **ROBERT RODRIGUEZ**, do hereby certify that the original copy of application and Memorandum In Support of C.O.A. was sent to the Clerk's Office upon the address of U.S. Court of Appeals, U.S. Courthouse, 1 Courthouse Way- Suite 2500, Boston, Massachusetts, 02210, by U.S. First class mail this 9th day of October 2006.

[Signature] *Robert*

Robert Rodriguez

7