```
                    United States District Court
                      District of Massachusetts
_____
                              )
ROBERT RODRIGUEZ,             )
        Plaintiff,            )
                              )
           v.                 )   Civil Action No.
                              )   04-11869-NMG
UNITED STATES OF AMERICA,     )
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The petitioner, a federal prisoner, has filed a motion for a certificate of appealability with respect to this Court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

### I. Background

Robert Rodriguez pled guilty in 2002 to one count of conspiring to distribute over 50 grams of cocaine base in violation of 21 U.S.C. § 846. He was sentenced to a term of imprisonment of 188 months to be followed by five years of supervised release. On August 24, 2004, Rodriguez filed a petition for habeas corpus alleging various constitutional deficiencies in the indictment and the plea process.

This Court denied his § 2255 motion and dismissed the habeas petition by entry of a Memorandum & Order dated August 3, 2005. The complete background of this case is set forth in that M&O. The petitioner filed the instant motion for certificate of appealability ("COA") on October 20, 2006.

**II.  Analysis**

**A. Legal Standard**

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right".  In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the application.  First Cir. Loc. R. 22.1(a).

The applicable standard for issuance of a COA depends on whether the petition for which appeal is sought was denied upon substantive or procedural grounds.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This Court may issue a COA if "the petitioner ... demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong".  Id.  When a district court dismisses a petition on procedural grounds without reaching the underlying constitutional claim, a prisoner must show that, in addition,

reasonable jurists would find it "debatable" whether the district court was correct in its procedural ruling.  Id.

### B.  Application

Rodriguez stated five grounds for relief in his original habeas petition, four of which were denied on the merits and one of which was deemed to be in procedural default.  In his motion for a COA, it is not clear exactly which of the original grounds he intends to appeal.  Giving the applicant the benefit of the doubt, the Court will assume that he intends to appeal the Court's decision with respect to all five grounds.

With respect to three of the grounds raised in his habeas petition, Rodriguez claimed that the indictment was deficient because it failed to allege the quantity of drugs involved in the conspiracy.  The Court determined that each of those grounds was without merit because the indictment did, in fact, allege that the offense charged "involved 50 grams or more" of cocaine base.  It is beyond debate, therefore, that the grounds relating to the sufficiency of the indictment were without merit.  See Slack, 529 U.S. at 484.

The fourth ground raised by the petitioner dealt with an alleged violation of the Speedy Trial Act.  That ground was determined to be in procedural default because the petitioner had previously pled guilty without raising an objection under the Speedy Trial Act.  The Court further determined that, in any

event, there was no Speedy Trial Act violation. The Court's dismissal of that ground is, therefore, beyond debate.

With respect to the fifth ground, the petitioner raised a claim of ineffective assistance of counsel for failing to object to the constitutional violations discussed above. Because the Court determined that grounds one through four were without merit, counsel was not ineffective for failing to object to any of those alleged procedural deficiencies. Petitioner also argued that counsel was ineffective for failing to challenge a four-level enhancement for his role as a leader of the conspiracy but the record shows that counsel did, in fact, file a written opposition to that enhancement. This Court's decision to dismiss the applicant's habeas petition is not "debatable" on any of the five original grounds and the COA will be denied.

In his motion for a COA, Rodriguez raises separate claims from those raised in the § 2255 motion. In addition to his claim regarding the drug amounts, Rodriguez now contends that his constitutional rights were violated based on a two-point sentencing enhancement for obstruction of justice and a four-level increase for a role as a manager or leader in the offense under the Apprendi/Blakely/Booker line of cases. Those issues were not directly raised in his § 2255 habeas petition and, therefore, may not be raised on appeal of this Court's denial of that petition.

**ORDER**

⎯⎯⎯⎯⎯For the foregoing reasons, the applicant's motion for a certificate of appealability (Docket No. 13) is **DENIED**.

**So ordered.**

                                                     /s/Nathaniel M. Gorton
                                                   Nathaniel M. Gorton
                                                   United States District Judge

Dated May 14, 2007