In The United States District Court
District of Massachusetts

```
─────────────────────────X
                         "
Robert Rodriguez,        "
                         "
        Petitioner,      "          Related Case No. 04-11869  NMG
                         "
                         "
vs.,                     "
                         "
                         "
United States of America,"
                         "
        Defendant.       "
                         "
─────────────────────────X
```

Motion Pursuant To Title 18 U.S.C. 3582(c)(2)

   Comes now the Petitioner to move the court for modification of sentence the reasons are states within.

   (1)   The Petitioner was sentenced to one count of Conspiracy to Distribute over 50 grams of cocaine base in violation of 21 U.S.C. §846.

   Petitioner was sentenced to 188 months in prison.

   (2)   The Petitioner asserts that the United States Sentencing Commission pursuant to §201.1(c) of the sentencing guidelines. Has been Amendmed to reduce crack cocaine and cocaine base by 2 points under 201.1(c).

   (3)   The Petitioner asserts that a two level reduction in the case of the Petitioner Rodriguez will result in a sentence of 151 months for Rodriguez. A difference of 30 months.

   (4)   The Petitioner respectfully submits that there are no ex post facto problems. The sentence in this case is lowered instead of raised.

(1)

(5)  The Petitioner asserts that 3582(c)(2) modification of an imposed term of imprisonment;

In the case of defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §944(o) upon motion by the defendant or the director of the Bureau of Prisons, or on its own motion, ths court may reduce the term of imprisonment, after considering the factors in 3553(a) to the extent that they are applicable, of such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

(6)  The Petitioner asserts that amendments to the guidelines that are merely clarifying and not substantive can be applied retroactively.  see, U.S. v. Garcia-Cruz, 40 F.3d 986, 990 (9th cir. 1994) see, also United States v. Stinson, 30 F.3d 121, 122 (11th cir. 1994)(per curium)(Collecting Cases).

The Sentencing Commission made no substantive changes to the Guidelines.

## Conclusion

Wherefore in light of the foregoing reason that the Guideline Amendment will take effect on November 1, 2007.  The Petitioner respectfully submits and prays that the Court pursuant to amended §201.1(c) and the sentence be modified to show a two level reduction as per the Amendment.

Done this 5 day of 11/5/ 2007 at CI Reeves Correctional Institution, P.O. Box 1560, Peco, Texas 79772.

Respectfully Submitted,

/S/ *Robert Rodriguez*
Robert Rodriguez
Reg. No. 80213-038
CI Reeves
Correctional Institution
P.O. Box 1560
Peco, Texas 79772

Certificate of Service

I Robert Rodriguez do hereby certify that the original copy of motion pursuant to 3582(c)(2) modification of sentence was sent to the clerks office upon the address of John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston MA 02210 by U.S. First Class mail this _6_ day of _11/6/_ 2007.

/S/ *Robert Rodriguez*
Robert Rodriguez

(3)